**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

|  |  |
|---|---|
| TOMTOM, INC. and TOMTOM INTERNATIONAL BV,<br><br>          Plaintiff/Counterclaim Defendant,<br><br>     v.<br><br>MICHAEL ADOLPH<br><br>          Defendant/Counterclaim Plaintiff. | Case No. <u>1:12-cv-528 (TSE/IDD)</u> |

**TOMTOM'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO
<u>MICHAEL ADOLPH'S AMENDED COUNTERCLAIMS</u>**

Plaintiff/Counterclaim Defendant TomTom, Inc., Counterclaim Defendant TomTom

International BV, and Counterclaim Defendant TomTom North America, Inc. (collectively

"TomTom") submit the following Amended Answer and Affirmative Defenses to Michael

Adolph's ("Adolph") Amended Counterclaims:

**<u>THE PARTIES</u>**

1.      Admitted.

2.      Admitted.

3.      Admitted.

4.      Admitted that TomTom North America, Inc. ("TomTom North America") is a California

corporation with a place of business at 11 Lafayette Street, Lebanon, NH 03766.  TomTom

denies that TomTom North America is 100% wholly-owned by TomTom International BV.

1

13535826.2

## JURISDICTION AND VENUE

5.      Paragraph 5 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, TomTom admits that based only on the fact that TomTom, Inc. filed in this Court a declaratory judgment action against a non-resident patentee pursuant to 35 U.S.C. § 293, it is subject to the personal jurisdiction of this Court for purposes of this matter only.  TomTom denies that TomTom International BV and TomTom North America, Inc. are subject to the personal jurisdiction of this Court for this matter.  Except as expressly admitted, TomTom denies the remainder of the allegations contained in this paragraph.

6.      TomTom admits that this Court has jurisdiction over the subject matter of this action based upon the Patent Laws of the United States, Title 35, United States Code, and by Title 28, United States Code, § 1331 and § 1338.

7.      TomTom admits that venue may be established in this Court under 28 U.S.C. §1391 and §1400 and is proper as to TomTom, Inc. for this matter only based only on the fact that TomTom, Inc. filed in this Court a declaratory judgment action against a non-resident patentee pursuant to 35 U.S.C. § 293.  TomTom denies that venue in this Court is proper as to TomTom International BV or TomTom North America, Inc.  Except as expressly admitted, TomTom denies the remainder of the allegations contained in this paragraph.

## BACKGROUND

8.      TomTom lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 and therefore denies same.

9.      TomTom lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and therefore denies same.

13535826.2

10. TomTom lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 and therefore denies same.

11. TomTom lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and therefore denies same.

12. TomTom admits that a "Michael Adolph" is listed on the face of U.S. Patent No. 6,356,836 (the "'836" patent) as the inventor of the patent. TomTom lacks information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12 and therefore denies same.

13. TomTom admits that the '836 patent is entitled "METHOD AND DEVICE FOR GENERATING, MERGING AND UPDATING OF DESTINATION TRACKING DATA." Insofar as the remaining allegations are concerned, the claims and specification of the '836 patent speak for themselves. TomTom therefore denies the remaining allegations.

14. TomTom admits that the '836 patent lists on its face an issuance date of March 12, 2002.

15. TomTom admits that the '836 patent lists on its face a priority claim to Patent Cooperation Treaty ("PCT") patent application PCT/EP98/03572 and that a German patent application, DE 197 24 919, dated June 12, 1997 is also listed on the '836 patent. Adolph has not shown that the '836 patent is entitled to claim priority to earlier applications and therefore denies that Adolph is entitled to do so. TomTom lacks information sufficient to form a belief as to the truth of any remaining allegations contained in paragraph 15 and therefore denies same.

16. TomTom lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 and therefore denies same.

13535826.2

**TomTom's Alleged Knowledge of the '836 Patent**

17.     TomTom admits that it is one of the world's leading suppliers of in-car location and navigation products and services.  TomTom admits that its products have included portable navigation devices, in-dash infotainment systems, fleet management solutions, maps, and real-time services that include TomTom's HD Traffic.  TomTom denies all remaining allegations contained in paragraph 17.

18.     TomTom admits that TomTom International BV is headquartered in Amsterdam, The Netherlands.  TomTom denies the remaining allegations contained in paragraph 18.

19.     TomTom admits that it acquired Applied Generics Ltd. on or about January of 2006 and that Applied Generics became TomTom Mobility Solutions.  The remainder of Adolph's allegations contained in paragraph 19 mischaracterizes or improperly paraphrase TomTom's 2006 Annual Report, which speaks for itself, and therefore TomTom denies the remaining allegations contained in paragraph 19.

20.     TomTom admits that it acquired intellectual property assets as part of the purchase of Applied Genetics.  The remainder of Adolph's allegations contained in paragraph 20 mischaracterizes or improperly paraphrase TomTom's 2006 Annual Report, which speaks for itself, and therefore TomTom denies the remaining allegations contained in paragraph 20.

21.     Denied.

22.     TomTom admits that it has filed a pending patent application on October 10, 2006 entitled "METHOD OF PLANNING A ROUTE TO A DESTINATION," that it was published on May 10, 2007 as publication US 2007-0106465 A1 and that it claimed foreign priority to a British application GB 0520576.0 entitled "Using traffic monitoring information to provide

13535826.2

better driver route planning," which was filed on October 10, 2005. TomTom denies the remaining allegations contained in paragraph 22.

23. TomTom admits that the '836 patent was cited in an Information Disclosure Statement filed with the U.S. Patent and Trademark Office on January 11, 2007 in the prosecution of U.S. Patent Application No. 11/539,991, which relies on 2005 British patent application GB 0520576.0 for priority.

24. TomTom admits that on or around July of 2006, a Dr. Michael Adolph of AOT sent a letter to TomTom International BV. TomTom denies the remaining allegations contained in paragraph 24.

25. TomTom admits that a meeting took place between TomTom and representatives for AOT in 2011 where the '836 patent and its European counterparts were discussed. TomTom denies the remaining allegations contained in paragraph 25.

26. TomTom admits that a meeting took place on June 28, 2011 between representatives of AOT and TomTom. TomTom denies the remaining allegations contained in paragraph 26.

27. Admitted.

### TomTom's Alleged Infringement

28. TomTom admits that it sells devices that are compatible with TomTom HOME software. TomTom denies the remaining allegations contained in paragraph 28.

29. TomTom admits that it sells devices and software that contain the "IQ Routes" software. TomTom denies the remaining allegations contained in paragraph 29.

30. TomTom admits that it sells devices and software that contain the "HD Traffic" feature. TomTom denies the remaining allegations contained in paragraph 30.

5

13535826.2

31. TomTom admits that "Map Share" is an online service available to certain TomTom customers. TomTom denies the remaining allegations contained in paragraph 31.

32. TomTom admits that TomTom, Inc. began selling the TomTom ONE devices in the United States on or about August 2006. TomTom admits that devices may use the TomTom HOME software package. TomTom denies the remaining allegations contained in paragraph 32.

33. TomTom admits that TomTom, Inc. began selling the TomTom GO devices in the United States on or about July 2007. TomTom admits that the devices may use the TomTom HOME software package. TomTom denies the remaining allegations contained in paragraph 33.

34. TomTom admits that TomTom, Inc. began selling the TomTom GO 720 in the United States on or about June 2007. TomTom admits that the TomTom GO 720 may have used TomTom Map Share. TomTom admits that the TomTom GO 920, TomTom GO 920 T, TomTom ONE 3RD EDITION, TomTom ONE XL, TomTom ONE XLS, TomTom GO 910, TomTom GO 510, TomTom GO 700, and TomTom GO 300 may have used TomTom Map Share by the first quarter of 2008. TomTom admits that devices that may use TomTom Map Share may also use the TomTom HOME software package. TomTom denies the remaining allegations contained in paragraph 34.

35. TomTom admits that TomTom, Inc. began selling the TomTom GO x30 devices in the United States on or about April 2008. TomTom admits that the TomTom GO x30 devices may have used IQ Routes technology. TomTom denies the remaining allegations contained in paragraph 35.

36. TomTom admits that TomTom, Inc. began selling the TomTom GO 740 LIVE in the United States on or about April 2009. TomTom admits that the TomTom GO 740 LIVE may

13535826.2

have used IQ Routes technology.  TomTom denies the remaining allegations contained in paragraph 36.

37.     TomTom admits that TomTom, Inc. began selling the TomTom ONE 140 and the TomTom ONE 140S in the United States on or about April 2009.  TomTom admits that the TomTom ONE 140 and the TomTom ONE 140S may have used IQ Routes technology.  TomTom denies the remaining allegations contained in paragraph 37.

38.     TomTom admits that TomTom, Inc. began selling the TomTom XL 340 and the TomTom XL 340S in the United States on or about April 2009.  TomTom admits that the TomTom XL 340 and the TomTom XL 340S may have used IQ Routes technology.  TomTom denies the remaining allegations contained in paragraph 38.

39.     TomTom admits that TomTom, Inc. began selling the TomTom XXL 530S and the TomTom XXL 540S in the United States on or about September 2009.  TomTom admits that the TomTom XXL 530S and the TomTom 540S may have used IQ Routes technology.  TomTom denies the remaining allegations contained in paragraph 39.

40.     TomTom admits that TomTom, Inc. began selling the TomTom XL 340S LIVE in the United States on or about September 2009.  TomTom admits that the TomTom XL 340S LIVE may have used IQ Routes technology.  TomTom denies the remaining allegations contained in paragraph 40.

41.     TomTom admits that TomTom, Inc. began selling the TomTom XXL 540S World Traveler Edition in the United States on or about December 2009.  TomTom admits that the TomTom XL 540S World Traveler Edition and the TomTom XXL 530S may have used IQ Routes technology.  TomTom denies the remaining allegations contained in paragraph 41.

13535826.2

42.     TomTom admits that TomTom, Inc. began selling the TomTom EASE on or about January 2010.  TomTom admits that the TomTom EASE may have used IQ Routes technology. TomTom denies the remaining allegations contained in paragraph 42.

43.     TomTom admits that TomTom, Inc. began selling the TomTom XL 350 and the TomTom XXL 550 in the United States on or about May 2010.  TomTom admits that the TomTom XL 350 and the TomTom XXL 550 may have used IQ Routes technology.  TomTom denies the remaining allegations contained in paragraph 43.

44.     TomTom admits that TomTom, Inc. began selling the TomTom GO 2405 TM and the TomTom GO 2505 TM in the United States on or about April 2011.  TomTom admits that the TomTom GO 2405 and the TomTom GO 2505 may have used IQ Routes technology.  TomTom denies the remaining allegations contained in paragraph 44.

45.     TomTom admits that TomTom, Inc. began selling the TomTom GO 2535 M LIVE in the United States on or about April 2011.  TomTom admits that the TomTom GO 2535 M LIVE may have used IQ Routes technology.  TomTom admits that the TomTom GO 2535 M LIVE was the first device sold in the United States that could incorporate HD Traffic technology. TomTom denies the remaining allegations contained in paragraph 45.

46.     TomTom admits that the TomTom GO 740 LIVE and the TomTom XL 340 LIVE may have received the HD Traffic technology in the United States on or about May 2011.  TomTom denies the remaining allegations contained in paragraph 46.

47.     TomTom admits that the Blue&Me TomTom device in the Fiat 500 was introduced in the United States on or about June 2011.  TomTom admits that the Blue&Me TomTom device may have used IQ Routes technology.  TomTom denies the remaining allegations contained in paragraph 46.

13535826.2

48.     TomTom admits that TomTom, Inc. began selling the TomTom GO LIVE 1535 M in the United States on or about October 2011.  TomTom admits that the TomTom GO LIVE 1535 M may have used IQ Routes technology.  TomTom admits that the TomTom GO LIVE 1535 M may have used HD Traffic technology.  TomTom denies the remaining allegations contained in paragraph 48.

49.     TomTom admits that TomTom, Inc. began selling the TomTom START series in the United States in or around the spring of 2012.  TomTom admits that the TomTom START series devices may have used the IQ Routes technology.  TomTom denies the remaining allegations contained in paragraph 49.

50.     TomTom admits that TomTom, Inc. began selling the TomTom VIA series in the United States in or around the spring of 2012.  TomTom admits that the TomTom VIA series devices may have used the IQ Routes technology.  TomTom denies the remaining allegations contained in paragraph 50.

51.     TomTom admits that TomTom, Inc. began selling the TomTom GO LIVE Top Gear edition in the United States in or around the spring of 2011.  TomTom admits that the TomTom GO LIVE Top Gear edition may have used the IQ Routes and the HD Traffic technology.  TomTom denies the remaining allegations contained in paragraph 51.

52.     TomTom admits that it introduced the TomTom WORK Active for use with GO 7000 devices.  TomTom denies the allegations contained in paragraph 52 as to TomTom North America, Inc.  TomTom denies the remaining allegations contained in paragraph 52.

53.     TomTom admits that TomTom, Inc. began selling the TomTom PRO 7150 in the United States on or about March 2011.  TomTom admits that the TomTom PRO 7150 may have used IQ Routes technology.  TomTom denies the remaining allegations contained in paragraph 53

9

13535826.2

54.     TomTom admits that TomTom, Inc. began selling the TomTom PRO 9150 in the United States on or about March 2011.  TomTom admits that the TomTom PRO 9150 may have used IQ Routes technology and HD Traffic technology.  TomTom denies the remaining allegations contained in paragraph 54.

55.     TomTom admits that it began offering the TomTom Route Planner in the United States on or about December 2008.  TomTom admits that the TomTom Route Planner may include IQ Routes technology.  TomTom denies the allegations contained in paragraph 55 as to TomTom North America, Inc.

56.     TomTom admits that it began selling the TomTom Navigation app for iPhone in the United States on or about August 2009.  TomTom admits that the TomTom Navigation app may include IQ Routes technology.  TomTom denies the allegations contained in paragraph 56 as to TomTom North America, Inc.

57.     TomTom admits that it began offering the Sony XNV-660BT LIVE system in the United States on or about September 2010.  TomTom admits that the Sony XNV-660BT LIVE may include IQ Routes technology. TomTom denies the allegations contained in paragraph 57 as to TomTom North America, Inc.

58.     TomTom admits that it began offering the Sony XNV-770BT system in the United States on or about September 2010.  TomTom admits that the Sony XNV-770BT system may include IQ Routes technology.  TomTom denies the allegations contained in paragraph 58 as to TomTom North America, Inc.

59.     TomTom admits that it began offering the Mazda NB1 navigation device in the United States on or about February 2012.  TomTom admits that the Mazda NB1 may include IQ Routes

13535826.2

technology.  TomTom denies the allegations contained in paragraph 59 as to TomTom North America, Inc.

## DR. ADOLPH'S COUNTERCLAIMS

### First Counterclaim for [Alleged] Infringement of the '836 Patent

60. TomTom repeats and re-asserts its responses to paragraphs 1-59 above.

61. TomTom admits that a "Michael Adolph" is listed on the face of U.S. Patent No. 6,356,836 (the "'836 patent") as the inventor, which was issued on March 12, 2002.  TomTom lacks information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 61 and therefore denies same.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

### Second Counterclaim for Willful Infringement of the '836 Patent

68. TomTom repeats and re-asserts its responses to paragraphs 1-59 above.

69. Denied.

70. Denied.

71. TomTom admits that in July of 2006 representatives of AOT sent a letter to TomTom International BV that listed the '836 patent.  TomTom denies the remaining allegations contained in paragraph 71.

13535826.2

72. TomTom admits that in 2011 TomTom representatives corresponded with and met with representatives for AOT regarding alleged infringement of the German counterpart to the '836 patent and that some of the correspondence listed the '836 patent and its foreign counterpart patents. TomTom denies the remaining allegations contained in paragraph 72.

73. Admitted.

74. Denied.

75. TomTom admits that its legal representatives met with representatives of AOT regarding the German counterpart to the '836 patent in June of 2011. TomTom denies the remaining allegations contained in paragraph 75.

76. Denied.

77. Denied.

* * *

To the extent not expressly admitted, TomTom denies each and every allegation in the Counterclaims.

## ADOLPH'S PRAYER FOR RELIEF AND JURY DEMAND

TomTom denies that Adolph is entitled to any of the relief sought in its prayer for relief. TomTom agrees with Adolph's demand for a jury trial for all issues triable by jury.

## TOMTOM'S AFFIRMATIVE DEFENSES

TomTom denies there is any basis in fact, law, or equity for Adolph to obtain any relief against TomTom. Further, TomTom asserts the defenses set forth below. TomTom reserves the right to assert any other defenses or counterclaims under the applicable laws and rules and to offer additional defenses or counterclaims that cannot now be articulated due Adolph's failure to particularize its claims and due to the need for further discovery regarding Adolph's claims.

12

13535826.2

**FIRST DEFENSE – LACK OF PERSONAL JURISDICTION AS TO TOMTOM INTERNATIONAL BV AND TOMTOM NORTH AMERICA, INC.**

78.     TomTom International BV and TomTom North America, Inc. are not subject to the personal jurisdiction of this Court.

**SECOND DEFENSE – IMPROPER VENUE AS TO TOMTOM INTERNATIONAL BV AND TOMTOM NORTH AMERICA, INC.**

79.     Venue is improper in this Court as to TomTom International BV and TomTom North America, Inc.

**THIRD DEFENSE – INVALIDITY OF THE '836 PATENT**

80.     The claims of the '836 patent are invalid under one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**FOURTH DEFENSE – NON-INFRINGEMENT OF THE '836 PATENT**

81.     TomTom has not infringed, directly or indirectly, and has not committed any acts which would give rise to liability for infringement of, any properly construed, valid and/or enforceable claims of the '836 patent.  Furthermore, any alleged acts of infringement involve the performance of steps overseas, for which as a matter of law there can be no liability for infringement of a method claim.

**FIFTH DEFENSE – LIMITATION ON DAMAGES**

82.     Even if Adolph could establish that TomTom has infringed one or more valid, enforceable, and properly construed claims of the '836 patent (which TomTom denies), Adolph is barred from recovering damages at least prior to TomTom receiving notice of alleged infringement.

13

13535826.2

## SIXTH DEFENSE – ESTOPPEL AND/OR LACHES

83.     Adolph's claims against TomTom are barred, in whole or in part, under the doctrines of laches, estoppel, and/or intervening rights.  Adolph purports to have placed TomTom on notice of the '836 patent in 2006, yet unreasonably waited five years to follow-up with TomTom and failed to file any legal action for over six years.

## SEVENTH DEFENSE – NO WILLFUL INFRINGEMENT

84.     Even if Adolph could establish that TomTom has infringed one or more valid, enforceable, and properly construed claims of the '836 patent (which TomTom denies), TomTom has not willfully infringed the patents-in-suit.  For example, TomTom has not engaged in conduct that amounts to knowingly or recklessly disregarding Adolph's patents.

## TOMTOM'S PRAYER FOR RELIEF

**WHEREFORE**, TomTom prays that this Court enter judgment:

a.      Dismissing this case with prejudice for lack of personal jurisdiction and/or improper venue as to Counterclaim Defendant TomTom International BV and Counterclaim Defendant TomTom North America, Inc.;

b.      Declaring that the claims of the '836 Patent are invalid and/or unenforceable;

c.      Declaring that TomTom does not infringe any valid, enforceable, and properly construed claims of the '836 Patent;

d.      Finding that this is an exceptional case and awarding TomTom its reasonable attorney fees in prosecuting this action, pursuant to 35 U.S.C. § 285; and

e.      Awarding TomTom any such other and further relief as the Court deems just and proper.

14

TomTom demands a trial by jury on all issues presented in its Answer and Affirmative Defenses so triable by jury.

Dated:  December 27, 2012

Respectfully submitted,

       */s/ Adrienne G. Johnson*

James H. Wallace, Jr. (admitted *pro hac vice*)
Brian H. Pandya (VSB No. 72233)
Adrienne G. Johnson (VSB No. 78631)
WILEY REIN LLP
1776 K Street, NW
Washington, D.C. 20006
Tel: 202.719.7000
Fax: 202.719.7049
jwallace@wileyrein.com
bpandya@wileyrein.com
ajohnson@wileyrein.com

*Counsel for TomTom, Inc, TomTom International BV, and TomTom North America, Inc.*

15

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel hereby certifies that the foregoing *TOMTOM'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO MICHAEL ADOLPH'S AMENDED COUNTERCLAIMS* was electronically filed via the Court's CM/ECF system on December 27, 2012.

*/s/*

Adrienne G. Johnson

16

13535826.2