IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

TOMTOM INC.,

*Plaintiff/Counter-Defendant,*

v.

MICHAEL ADOLPH,

*Defendant/Counter-Plaintiff.*

Case No. 1:12cv528 (TSE/IDD)

**DR. MICHAEL ADOLPH'S MEMORANDUM IN SUPPORT OF HIS MOTION TO
STRIKE TOMTOM'S MOTION FOR JUDGEMENT ON THE PLEADINGS**

"After the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Yesterday, over three years after TomTom, Inc. filed this lawsuit,[1] well after the discovery period closed, after filing two prior summary judgment motions seeking a non-infringement ruling, and after a remand of the case from the Federal Circuit, TomTom filed a new motion for judgment on the pleadings ("pleadings motion"). TomTom now seeks a ruling that the asserted claims of U.S. Patent No. 6,356,836 ("the '836 patent") are invalid. TomTom's pleadings motion is tardy and is designed to further delay the trial. Therefore, Defendant/Counterclaim-Plaintiff Dr. Michael Adolph respectfully requests that this Court strike TomTom's pleadings motion (Dkt. 249) and set this case for trial on the merits.

TomTom pleadings motion does not cite a single statement in its complaint or in Dr. Adolph's answer as demonstrating a lack of cognizable legal theory or insufficient facts in the

---

[1] TomTom, Inc. filed its initial complaint on May 11, 2012. (Dkt. 1.)

- 1 -

pleadings. That is because TomTom's motion is not really one that relies on the parties' statements in the pleadings. Instead, TomTom boldly filed what amounts to a *third motion for summary judgment* without leave of Court and called it a pleadings motion. TomTom's serial non-infringement and invalidity filings are wasteful of court resources, the parties' resources, and everyone's time. If TomTom succeeds in its effort to burden this court with serial summary disposition requests, this invites abuse of the system in future cases.

Rather than admit that it seeks this Court's consideration of a patent invalidity question (under 35 U.S.C. § 101) as a matter of law and that it has ignored the limitations set by Federal Rule of Civil Procedure 12(c) and Local Civil Rule 56, TomTom argues that the Court should entertain another motion because it is potentially dispositive and because there has been a "significant change" in the patentability law after the Supreme Court issued its decision in *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014). (TomTom's Mot. for J. on the Pleadings, Dkt. 249 at 1.) Yet the patentability/invalidity issues raised under § 101 have been increasingly considered at the appellate level since at least 2007, and the Supreme Court's *Bilski* decision certainly provided a legal basis for considering a patentability challenge against any asserted patent well before TomTom filed this lawsuit in 2012. *Bilski v. Kappos*, 561 U.S. 593 (2010); *In re Comiskey*, 499 F.3d 1365 (Fed. Cir. 2007), *revised*, 554 F.3d 967 (Fed. Cir. 2009) (certain claims describing a method of conducting arbitration were not proper subject matter); *In re Nuijten*, 500 F.3d 1346 (Fed. Cir. 2007) (encoded signals did not qualify as a process under Section 101). *See also Gottschalk v. Benson*, 409 U.S. 63 (1972) (method for converting BCD into binary was not patentable, not every new and useful process constitutes patentable subject matter); *Parker v. Flook*, 437 U.S. 584 (1978) (method for updating alarm limits in a catalytic converter was not patentable).

TomTom chose the topics it would cover in its previous summary judgment filings and passed over the § 101 topic, twice. Now that the Federal Circuit has rejected TomTom's claim construction arguments on all of the issues that Dr. Adolph appealed, TomTom has to find a new non-infringement theory. So it has decided to further delay the case by pulling an invalidity quiver out of its defense arsenal in an effort to delay full consideration of the infringement and invalidity issues on the merits. Dr. Adolph respectfully asks the Court to exercise its discretion to manage its docket and not entertain TomTom's latest pleadings motion, which is a vehicle designed to further delay trial in this case. *See Argo v. Woods*, 399 Fed. Appx. 1 (5th Cir. 2010) (a "judge has discretion to deny *Rule 12(c)* motion filed after excessive delay") (citing 5A Charles A. Wright & Miller, Federal Practice and Procedure § 1367, at 514 (1990)); *Grajales v. Puerto Rico Ports Authority*, 682 F.3d 40, 46 (1st Cir. 2012) (noting that district courts enjoy broad discretion, but courts should hesitate to entertain 12(c) motions once the parties have invested substantial resources in discovery).

I.   **ARGUMENT**

A.   **The *AmDocs* Case and the *In re TLI* Case Do Not Negate the Requirement That a Party Timely Bring A Single Motion for Summary Judgment Addressing All Appropriate Grounds for Summary Disposition of the Case**

Judge Brinkema's reconsideration of Section 101 issues on remand in the *Amdocs* case does not sanction TomTom's brand new pleadings motion on invalidity grounds. TomTom never raised this issue in its two prior summary judgment motions in this case; while Openet did file a summary judgment motion on the same invalidity issue that the Court considered for the second time on remand after vacating the non-infringement judgment. *See Amdocs (Israel) Ltd. v. Openet Telecom, Inc.*, 56 F. Supp. 3d 813 (E.D.Va. 2014).

Nor does this Court's Section 101 decision in the *In re TLI* case demonstrate that TomTom's pleadings motion is proper and timely. *In re TLI Communs. LLC Patent Litig.*, 2015 U.S. Dist. LEXIS 18997. In that case, the defendants' joint motion was brought under Rule 12(b)(6) in accordance with this Court's revised scheduling order. *Id.* at \*27, n. 27. Thus, neither case supports or demonstrates the appropriateness or timeliness of TomTom's pleadings motion at the Eleventh hour in this case. Similarly, neither case creates an exception to the local rules requirement that all summary judgment issues be brought in one motion, and that any Rule 12(c) or summary judgment motion be brought early enough to not to delay trial. Local Civ. R. 56(C) ("Unless permitted by leave of Court, a party shall not file separate motions for summary judgment addressing separate grounds for summary judgment."); Local Civ. R. 56(A) ("No motion for summary judgment shall be considered unless it is filed and set for hearing . . . within a reasonable time period before the date of trial, this permitting a reasonable time for the Court to hear arguments and consider the merits after completion of the briefing schedule [for all motions]."); Fed. R. Civ. P. 12(c). TomTom's new pleadings motion violates both rules. Ignoring this violation, TomTom instead cites every district court decision it could find that struck down unrelated patents on Section 101 grounds and argues that the Court should now consider this new invalidity issue.

### B.   TomTom's Pleadings Motion Should be Struck Because It Will Delay Trial in This Matter

TomTom's motion for judgment on the pleadings states that the motion will not delay trial in this case. (Dkt. 249 at 2-3.) The very next day, however, it filed an opposition to Dr. Adolph's motion seeking a status conference after the Federal Circuit reversed and remanded the case. TomTom argued in that opposition that any status conference should be stayed pending the

resolution of TomTom's pleadings motion. (Dkt. 254.) This demonstrates TomTom's objective—to require that this Court dispose of a third TomTom motion before it sets a trial date.

Courts are required to dispose of motions for judgment on the pleadings "early enough not to delay trial." Fed. R. Civ. P. 12(c). So if this Court decides that it will entertain TomTom's pleadings motion, the Court must decide that motion in a manner that will avoid delaying trial. This means that the Court must either delay setting a trial date until after the pleadings motion is fully briefed, argued, and decided in a opinion issued by the Court or the Court must set a trial date that takes into account the pleading motions schedule. In either event, after two prior motions for summary judgment and an appeal to the Federal Circuit, TomTom's motion unreasonably delays trial in a case it filed in April 2012.

## II.    CONCLUSION

TomTom already made a decision to file two motions for summary judgment that focused on non-infringement. Now that TomTom lost its non-infringement arguments at the Federal Circuit because of the appellate court's revised claim construction rulings, it takes, without seeking leave of court, a third opportunity to move for summary disposition of the case based on a new invalidity theory. It is too late in this case for TomTom to file a Rule 12(c) motion.

Dr. Adolph therefore respectfully asks the Court to exercise its broad discretion to decline in its entirety TomTom's Rule 12(c) motion and instead set a schedule for the rest of the case.

Respectfully submitted,

Date: August 7, 2015

/s/ Antigone G. Peyton
Antigone G. Peyton (VSB No. 48472)
 antigone.peyton@cloudigylaw.com
Clyde E. Findley (VSB No. 48277)
 clyde.findley@cloudigylaw.com
CLOUDIGY LAW PLLC
8300 Greensboro Drive, Suite 1250
McLean, VA 22102
Telephone: (703) 436-2033
Facsimile: (703) 436-2268

*Counsel for Dr. Michael Adolph*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 7, 2015, I electronically filed the foregoing

document with the Clerk of Court using the CM/ECF system, which will send a notification of

such electronic filing (NEF) to all counsel of record, including the following counsel for

TomTom, Inc., TomTom International BV, and TomTom North America, Inc.:

Brian H. Pandya (VSB No. 72233)
  bpandya@wileyrein.com
Adrienne G. Johnson (VSB No. 78631)
  ajohnson@wileyrein.com
James H. Wallace, Jr. (admitted *pro hac vice*)
  jwallace@wileyrien.com
WILEY REIN LLP
1776 K Street, N.W.
Washington, D.C. 20006
(202) 719-7000
(202) 719-7049


                                        /s/ Antigone G. Peyton
                                      Antigone G. Peyton (VSB No. 48472)

                                      *Counsel for Dr. Michael Adolph*